UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIMINAL NO. 4:95-103(DSD)

United States of America,

        Plaintiff,

v. **ORDER**

Darnell Hines,

        Defendant.

    This matter is before the court upon the pro se motion by defendant Darnell Hines to expunge or seal his conviction. Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

    In June 1996, Hines was convicted of federal drug offenses and sentenced to a term of imprisonment of 420 months. After several sentencing reductions, he was released from custody on October 30, 2015. Hines now moves to expunge or seal his conviction so he may more readily obtain employment and stable housing. The court is unable to grant this relief.

    Once a conviction becomes final, the "court's jurisdiction to expunge [a] conviction c[an] arise only from the exercise of ancillary jurisdiction incidental to the court's original jurisdiction over the underlying prosecution pursuant to 18 U.S.C.

1

§ 3231." United States v. Meyer, 439 F.3d 855, 859 (8th Cir. 2006); cf. United States v. Sumner, 226 F.3d 1005, 1014-15 (9th Cir. 2000) (noting instances where statute, federal rule or Constitution allows expungement). Hines does not argue that any of these circumstances apply, and instead asserts that the court should expunge his conviction because it hinders his ability to obtain employment and stable housing. A motion to expunge that is based solely on equitable grounds – as is the case here - does not invoke the ancillary jurisdiction of the court. Meyer, 439 F.3d at 860 (overturning expungement based on difficulty maintaining employment). Although the court regrets that Hines has had difficulties post-release, it lacks subject-matter jurisdiction to grant the kind of relief requested. Therefore, the motion must be denied.[1]

---

[1] Hines seeks either expungement or sealing of his conviction. This is a distinction without a difference. See United States v. Rowlands, 451 F.3d 173, 176 (3d Cir. 2006).

2

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to expunge or seal conviction [ECF No. 984] is denied.

Dated:  June 2, 2025

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court